1

2

3

4

5

6

7

8              **IN THE UNITED STATES DISTRICT COURT**

9          **FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

11   DEBRA LYNN RANDELL,                    No. CIV S-07-2381-MCE-CMK

12                  Plaintiff,

13          vs.                             FINDINGS AND RECOMMENDATIONS

14   STEPHEN H. BAKER, et al.,

15                  Defendants.

16   _____/

17          Plaintiff, who is proceeding pro se, brings this civil action.  Pending before the

18   court is defendants' motion to dismiss (Doc. 10).  Plaintiff has not filed an opposition.

19

20                          **I.  BACKGROUND**

21          In her complaint, plaintiff alleges that defendant Susan Null, while acting as Clerk

22   of the Shasta County Superior Court, notified the California Department of Motor Vehicles that

23   she had failed to appear in a matter that was under appeal to the appellate division of the Superior

24   Court.[1]  She also alleged that Defendant Stephen Baker, a judge of the Shasta County Superior

25   _____

26          [1]      In their motion to dismiss, defendants shed some additional light on the factual
     background.  Specifically, they indicate that the underlying matter in the state court was a

                                         1

1  Court, issued a bench warrant for plaintiff to appear on that same matter under appeal.  Plaintiff

2  states that, on July 31, 2007, she received a notice of cancellation of her drivers license due to a

3  failure to appear in the appealed matter.  The essence of her claim is that, because the matter was

4  on appeal, the Superior Court lacked jurisdiction to issue the bench warrant for failure to appear.

5  Plaintiff claims that defendants' conduct resulted in a "violation of the Thirteenth Amendment to

6  the Federal Constitution, by exercising ownership of her person."  Plaintiff seeks a total of

7  $4,000,000.00 in damages.

8

9  ## II.  DISCUSSION

10  In their motion to dismiss, defendants assert that dismissal is appropriate because:

11  (1) the court lacks subject matter jurisdiction because it is an improper appeal of a state court

12  order; (2) the court should abstain from hearing the case because the underlying criminal

13  proceeding is ongoing; (3) all defendants are entitled to Eleventh Amendment immunity; and

14  (4) defendants Baker and Null are entitled to judicial immunity.

15  Turning first to immunity under the Eleventh Amendment, federal courts are

16  prohibited from hearing suits brought against a state both by its own citizens, as well as by

17  citizens of other states.  See Brooks v. Sulphur Springs Valley Elec. Coop., 951 F.2d 1050, 1053

18  (9th Cir. 1991).  This prohibition under the Eleventh Amendment extends to suits against states

19  themselves, and to suits against state agencies.  See Lucas v. Dep't of Corr., 66 F.3d 245, 248

20  (9th Cir. 1995) (per curiam); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).  The Eleventh

21  Amendment also bars actions seeking damages from state officials acting in their official

22  capacities.  See Eaglesmith v. Ward, 73 F.3d 857, 859 (9th Cir. 1995); Pena v. Gardner, 976 F.2d

23  469, 472 (9th Cir. 1992) (per curiam).  Under the doctrine of Ex Parte Young, 209 U.S. 123

24  (1908), the Eleventh Amendment does not bar suits for prospective declaratory or injunctive

25  _____

26  criminal prosecution for driving under the influence.

2

relief against state officials in their official capacities.  See Armstrong v. Wilson, 124 F.3d 1019, 1025 (9th Cir. 1997).

In this case, the named defendants are:  the State of California, Baker, and Null. Baker and Null are both sued in their official capacities as officers of the state – Baker is a judge of the Superior Court and Null is the Clerk of the Superior Court.  Because plaintiff seeks money damages only, it is clear that all three named defendants are immune from suit under the Eleventh Amendment.

Further, judges are absolutely immune from damage actions for judicial acts taken within the jurisdiction of their courts.  See Schucker v. Rockwood, 846 F.2d 1202, 1204 (9th Cir. 1988) (per curiam).  This immunity is lost only when the judge acts in the clear absence of all jurisdiction or performs an act that is not judicial in nature.  See id.  Judges retain their immunity even when they are accused of acting maliciously or corruptly, see Mireles v. Waco, 502 U.S. 9, 11 (1991) (per curiam); Stump v. Sparkman, 435 U.S. 349, 356-57 (1978), and when they are accused of acting in error, see Meek v. County of Riverside, 183 F.3d 962, 965 (9th Cir. 1999). This immunity extends to the actions of court personnel when they act as "an integral part of the judicial process."  See Mullis v. U.S. Bankruptcy Court, 828 F.2d 1385, 1390 (9th Cir. 1987).

Again, plaintiff claims that defendant Baker is liable because he issued a bench warrant, which is clearly a judicial function.  Similarly, plaintiff alleges defendant Null is liable for causing that warrant and related notices to be served, which are functions she carried out as part of the judicial process.  Therefore, defendants Baker and Null are also entitled to absolute judicial immunity.

For these reasons alone, the entire action should be dismissed with prejudice.[2]

/ / /

/ / /

---

[2]    It is not necessary to address defendants' remaining arguments.

### III.  CONCLUSION

Based on the foregoing, the undersigned recommends that:

1.      Defendants' unopposed motion to dismiss (Doc. 10) be granted; and

2.      The Clerk of the Court be directed to enter judgment of dismissal and close this file.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 20 days after being served with these findings and recommendations, any party may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED:  March 27, 2008

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE